1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9
10
11
12
13
14

| | | |
|---|---|---|
| LESLIE REUTLEDGE and FALCO INVESTMENTS, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:13-cv-00783-GMN-NJK |
| vs. | ) ) | **ORDER** |
| DAVID FIGUEIREDO, et at., | ) ) | (Docket No. 28) |
| Defendants. | ) ) ) | |

15      This matter is before the court on Defendants' Motion for Reconsideration of the Court's Order

16  Granting Plaintiffs' Motion for Reconsideration (Docket No. 28) filed September 18, 2013. Defendants

17  do not object to Hutchison & Steffen withdrawing as counsel or the Court's Order requiring Plaintiffs

18  to obtain counsel by October 11, 2013.[1] However, Defendants request reconsideration of this Court's

19  Order requiring the Discovery Plan and Scheduling Order to be filed by October 30, 2013, and

20  extending the response deadline for the Motion to Dismiss to October 25, 2013.

21  1.      <u>Discovery Plan Deadline</u>

22      On August 9, 2013, this Court stayed discovery pending the Court's ruling on Defendants'

23  Motion to Dismiss. *See* Court Order, Docket No. 21. Therefore, a discovery plan and scheduling order

24  is not required until after any order denying the motion to dismiss is issued. Accordingly, the Court

25  vacates the October 30, 2013, deadline for the discovery plan and scheduling order.

26  . . .

27

28

---

[1]Individual Plaintiff Leslie Reutledge is required to either retain counsel or file a statement that she will be proceeding pro se. *See* Court Order, Docket No. 27. Corporate Plaintiff Falco Investments is required to retain counsel. *Id.*

2.  <u>Response to Motion to Dismiss Deadline</u>

Concerning the extension of the response deadline, Defendants argue that excusable neglect was not shown as required by LR 6-1. The Court disagrees.

Courts apply a four-factor equitable test to determine if a party's failure to meet a deadline constitutes "excusable neglect." *McSmith v. Poker Prods.*, 2011 WL 841350 (D. Nev. Mar. 7, 2011) *reconsideration denied,* 2011 WL 1838067 (D. Nev. May 12, 2011*); citing Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1261 (9th Cir.2010).  The four factors to consider are: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489 (1993)).

Here, the danger of prejudice to Defendants is low. Defendants have filed a Motion to Dismiss asserting that the Court lacks subject matter jurisdiction, Docket No. 18, and discovery is stayed pending a decision on that motion. Docket No. 21. Therefore, Defendants are not at risk of unnecessarily spending time or money on discovery and may never have to invest in discovery at all. Further, the Court-ordered extension is only 38 days past the date already stipulated to by Defendants. This delay is a minimal in light of the discovery stay and will not prejudice Defendants.

Next, as discussed above, the stay is only 38 days and its only impact on proceedings is that the Motion to Dismiss will become ripe slightly later than originally anticipated.

The reason for the delay is that Plaintiffs' ability to prosecute their case has clearly been impacted by the decision of their long-time attorney to leave Hutchison &Steffen. Plaintiffs' prior attorney originally indicated she was taking Plaintiffs' file with her and then waited until August 22, 2013, to notify both Hutchison &Steffen and the Court that she was not, in fact, representing Plaintiffs. This turbulence in Plaintiffs' previously stable representation appears to have been caused by their former attorney, not by Plaintiffs, and has naturally caused delays.

Finally, there is no evidence that any party has acted in bad faith in this matter. It is unfortunate that Defendants must wait slightly longer for their motion to become ripe, but it appears that all parties are acting in good faith in an attempt to resolve this dispute.

. . .

1  Accordingly, having reviewed and considered the matter, and for good cause shown,

2  IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration of the Court's Order

3  Granting Plaintiffs' Motion for Reconsideration (Docket No. 28) is GRANTED in part and DENIED in

4  part.

5  IT IS FURTHER ORDERED that the October 30, 2013, deadline for the discovery plan and

6  scheduling order is VACATED and the discovery stay remains in place pending a decision on the

7  motion to dismiss.

8  IT IS FURTHER ORDERED that the request to change the response deadline for the Motion to

9  Dismiss from October 25, 2013, to either September 17, 2013, or October 2, 2013, is DENIED.

10  IT IS FURTHER ORDERED that the Clerk of Court shall serve a copy of this Order on Leslie

11  Rutledge and Falco Investments at:

12  Leslie Rutledge and Falco Investments
    270 E. 1st Street
13  North Vancouver, BC V7L1B3

14  Dated: September 19, 2013

15

16  _____
    NANCY J. KOPPE
17  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

3