UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LESLIE RUTLEDGE, et al., ) <br>                     Plaintiffs, ) <br> vs. ) <br> DAVID FIGUIREDO, et al., ) <br>                     Defendants. ) | Case No. 2:13-cv-00783-GMN-NJK <br><br> REPORT AND RECOMMENDATION <br><br> (Docket No. 37) |

Pending before the Court is Nominal Defendant Double Crown Resources' ("Double Crown") request for attorneys' fees. Docket No. 37. Double Crown asks this Court to order both Plaintiffs and Plaintiffs' former counsel to pay its attorneys' fees for defending the instant case. *Id*. Plaintiffs' former counsel, Telia Williams, filed a response in opposition. Docket No. 38. Plaintiffs filed no response. Double Crown filed a reply to Ms. Williams' response. Docket No. 39. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the undersigned **RECOMMENDS** that the motion for attorneys' fees be **DENIED**.

**BACKGROUND**

On May 6, 2013, Plaintiffs, represented by Hutchison & Steffen associate attorney Telia Williams, filed their Complaint in the instant case. Docket No. 1. On August 12, 2013, Defendants, including Double Crown, filed a motion to dismiss the Complaint. Docket No. 13. On September 4, 2013, this Court granted Defendants' motion to stay discovery pending the Court's ruling on the motion to dismiss. Docket No. 21. On August 22, 2013, Ms. Williams filed a notice of change of attorney. Docket No. 17. In that notice, Ms. Williams represented that she separated from Hutchison & Steffan on July 15, 2013 and that, as Plaintiffs had not engaged her services since she left the firm, they continue

to be represented by Hutchison & Steffan. *Id*.

On September 13, 2013, Hutchison & Steffen, filed a motion to withdraw as counsel of record in this case. Docket No. 22. In that motion, Patricia Lee, a partner with the firm, submitted an affidavit in which she stated that Plaintiffs retained the firm on or about September 14, 2012, and that Ms. Lee was primarily responsible for managing the daily activity on the instant case. *Id*., at 4. Ms. Lee further stated that Ms. Williams had specialized knowledge of securities law, had left the firm, and had not been retained by Plaintiffs. *Id*., at 4-5. Ms. Lee also stated that Plaintiffs owed the firm money and that they had informed her that they have retained an attorney to represent them in this matter. *Id*., at 5.

On September 16, 2013, the Court denied, without prejudice, the motion to withdraw as counsel. Docket No. 22. On September 17, 2013, Hutchison & Steffen filed a motion for reconsideration of their motion to withdraw as counsel. Docket No. 25. On September 18, 2013, the Court granted the motion for reconsideration and allowed Hutchison & Steffen to withdraw as counsel of record. Docket No. 27. The Court further ordered that, since corporations are not allowed to appear except through counsel, Plaintiff Falco Investments had until October 11, 2013 to retain new counsel, and that new counsel must file a notice of appearance in the case. *Id*., at 2. The Court also ordered that Plaintiff Rutledge had until October 11, 2013, to either retain new counsel, or to file a statement that she would proceed *pro se*. *Id*., at 2-3.

On October 15, 2013, the Court issued an order requiring Plaintiff Falco Investments to show cause, no later than November 12, 2013, why it should not be sanctioned and/or why the Court should not recommend that default judgment be entered against it for its failure to comply with the Court's Order that it retain counsel of record. Docket No. 31, at 2. The Court also ordered Plaintiff Rutledge to show cause, no later than November 12, 2013, why she should not be sanctioned and/or why the Court should not recommend that default judgment be entered against her for her failure to comply with the Court's Order that she retain counsel of record or file a notice with the Court that she would appear in this matter *pro se*. *Id*. Neither Plaintiff complied.

. . . .

. . . .

. . . .

On November 15, 2013, the Court issued a Report and Recommendation, recommending that the Complaint be dismissed. Docket No. 34. On December 4, 2013, Chief United States District Judge Gloria M. Navarro adopted the Report and Recommendation in full and dismissed Plaintiffs' Complaint. Docket No. 35.

On December 18, 2013, Double Crown filed the instant motion. Docket No. 37. Double Crown asserts, without any supporting documentation or itemization, that it incurred "at least $70,706 in attorney's fees and costs in connection with litigating this matter." *Id*., at 8. Double Crown asks this Court to impose fees and costs against Plaintiffs and Ms. Williams because, according to Double Crown, the losing party acted "in bad faith, vexatiously, wantonly, or for oppressive reasons," Plaintiffs engaged in "willful disobedience of a court order," and courts may award attorneys' fees against '[a]ny attorney' under 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings." *Id*., at 9.[1]

## ANALYSIS

Double Crown filed its motion on December 18, 2013, 14 days after the Court entered final judgment. Docket Nos. 36, 37. "When a party is entitled to move for attorney's fees, such motion shall be filed with the Court and served within fourteen (14) days after entry of the final judgment or other order disposing of the action." Local Rule 54-16(a). Therefore, the motion was timely filed. The content of the motion, however, is deficient.

The content of motions for attorneys' fees must comply with LR 54-16(b). This rule requires that motions for attorneys' fees include the following:

(1) A reasonable itemization and description of the work performed;
(2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15;
(3) A brief summary of:
    (A) The results obtained and the amount involved;
    (B) The time and labor required;
    (C) The novelty and difficulty of the questions involved;
    (D) The skill requisite to perform the legal service properly;

---

[1] Double Crown also states that, since the Complaint itself was an improper pleading, this Court can award sanctions for all attorneys' fees reasonably incurred in defending against the claims in the Complaint. *Id*.

3

|   |   |   |
|---|---|---|
| | (E) | The preclusion of other employment by the attorney due to acceptance of the case; |
| | (F) | The customary fee; |
| | (G) | Whether the fee is fixed or contingent; |
| | (H) | The time limitations imposed by the client or the circumstances; |
| | (I) | The experience, reputation and ability of the attorney(s); |
| | (J) | The undesirability of the case, if any; |
| | (K) | The nature and length of the professional relationship with the client; |
| | (L) | Awards in similar cases; and, |
| (4) | | Such other information as the Court may direct. |

Further, LR 54-16(c) requires that each motion for attorneys' fees "must be accompanied by an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion and confirming that the bill has been reviewed and edited and that the fees and costs charged are reasonable."

Double Crown's motion fails to comply with LR 54-16 in several respects. The motion does not contain, as required by LR 54-16(b), any itemization or description of the work performed for which Double Crown seeks fees, or any itemization of costs sought to be charged as part of the fee award and not otherwise taxable. The motion also does not contain, *inter alia*, a brief summary of the time and labor expended by each individual working on the case, the experience, reputation and ability of the attorneys involved, the customary fee, or whether the fee was fixed or contingent. Finally, Double Crown failed to comply with LR 54-16(c), in failing to file an accompanying affidavit from the attorney responsible for the billings in the case containing the information required by the Local Rule. As a result, the Court is unable to determine what time was spent on this case, by whom, what rates were charged and whether they were reasonable, and whether the time spent on the case was reasonable. *See Flonnes v. Property & Casualty Insurance Company of Hartford*, 2013 U.S. Dist. LEXIS 137574, *10-11 (D.NV. September 25, 2013).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

LR 54-16(d) states that "[f]ailure to provide the information required by LR 54-16(b) and (c) in a motion for attorneys' fees constitutes a consent to the denial of the motion." Despite its acknowledgment that the Court must determine a proper lodestar figure before awarding a reasonable fee, Double Crown clearly failed to provide the information required by LR 54-16(b) and (c) in its motion for attorneys' fees. Therefore, pursuant to LR 54-16(d), Double Crown has consented to the denial of its motion.

Accordingly, the Court **RECOMMENDS** that the motion for attorney's fees be **DENIED**.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: February 6, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge